**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 05-4406**

————————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

DAVID HEATH DOVE,

                                    Defendant - Appellant.

————————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Joseph Robert Goodwin,
District Judge.  (CR-04-62)

————————————

Submitted:  March 3, 2006          Decided:  March 29, 2006

————————————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————————

Affirmed by unpublished per curiam opinion.

————————————

Gregory J. Campbell, CAMPBELL LAW OFFICES, Charleston, West
Virginia, for Appellant.  Charles T. Miller, Acting United States
Attorney, W. Chad Noel, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

David Heath Dove appeals his eighty-four month sentence imposed following a guilty plea for two counts of distribution of cocaine, in violation of 18 U.S.C. § 841 (2000). We affirm.

On appeal, Dove contends that the sentence imposed by the district court erroneously relied on facts that he did not admit to, in violation of his Sixth Amendment rights. After United States v. Booker, 543 U.S. 220 (2005), courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (2000), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. (citing Booker, 125 S. Ct. at 769). This court should review a sentence imposed pursuant to § 3553 to determine whether it is reasonable. Booker, 125 S. Ct. at 764-67.

In sentencing Dove, the district court expressly treated the sentencing guidelines as advisory, considered the factors listed in § 3553(a), and sentenced Dove within the properly

calculated guidelines range, and below the statutory maximum[*] for the offense.  Accordingly, we conclude Dove's sentence was reasonable.  See Hughes, 401 F.3d at 546-47 (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).  We therefore affirm Dove's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]The statutory maximum for § 841 is twenty years.  See 18 U.S.C. § 841 (2000).

- 3 -